REQUESTED BY: Senator Patricia S. Morehead Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Morehead:
You have submitted to us a proposed amendment to LB 363, and have asked our opinion as to its constitutional validity. It appears to us to violate Article III, Section18, of the Nebraska Constitution by creating a permanently closed class.
LB 363 would exempt certain food from liability for the sales tax. Your proposed amendment would provide that an incorporated municipality imposing a sales tax on the effective date of the act could increase that sales tax by an amount not to exceed one-fourth of one percent, to compensate for revenue lost because of the removal of the sales tax on food.
The general limitations on city sales taxes are found in Neb.Rev.Stat. § 77-27,142 (Reissue 1981). Any municipality which does not now impose a sales tax, but which may wish to do so in the future, will be bound by the limitations contained in § 77-27,142. On the other hand, municipalities imposing such a tax on the effective date of the act would be able to exceed those limits by one-fourth of one percent. Other municipalities would never be able to do so.
In State ex rel. Douglas v. Marsh, 207 Neb. 598,300 N.W.2d 181 (1980), the court said:
 The Kelso rule remains the law of this state and was reaffirmed by this court in City of Scottsbluff v. Tiemann, 185 Neb. 256, 261, 175 N.W.2d 74, 79 (1970), wherein we said: `The law is unmistakably clear that a statute classifying cities for legislative purposes in such a way that no other city may ever be added to the class violates the constitutional provision forbidding special laws where general laws can be applicable.' See, also, Axberg v. City of Lincoln, 141 Neb. 55, 2 N.W.2d 613 (1942). No matter what may happen in the future with regard to the location of exempt property, once the amount to be paid by the state to each of the several counties is determined, no change with regard to that basic formula may thereafter be made. Such provision clearly flies in the face of the prohibition contained in Neb. Const. art. III, § 18.
This language appears clearly applicable to the amendment you have submitted to us, so we believe our court would strike it down, as creating a closed class.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General